**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-40500

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff-Appellee,

versus

BOBBY DEE COUNTRYMAN,

　　　　　　　　Defendant-Appellant.

_____

Appeal from the United States District Court
For the Eastern District of Texas
(6:94-CR-59)
_____

March 7, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant Bobby Dee Countryman pleaded guilty to interstate travel in aid of drug trafficking, in violation of 18 U.S.C. § 1952 (the "Travel Act"). Pursuant to the plea agreement, the government agreed to file a motion for downward departure under U.S.S.G. § 5K1.1, or under FED. R. CRIM. P. 35, if Countryman provided substantial assistance. The plea agreement gave the government complete discretion to determine whether to file such a motion, and when they would do so. Countryman acknowledged the government's

---

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

total discretion concerning the filing of a motion for downward departure. At sentencing, the government declined to file a motion for downward departure.

Countryman argues that the government's failure to file a motion for downward departure violated his plea agreement. Where the government retains its discretion to file a motion for downward departure, a defendant is only entitled to relief from the government's refusal to file such a motion where the decision was based on an unconstitutional motive. *United States v. Garcia-Bonilla*, 11 F.3d 45, 47 (5th Cir. 1993). Countryman has not alleged an unconstitutional motive. Further, the government may still file a motion for a downward departure under Rule 35. *See* FED. R. CRIM. P. 35 (setting forth procedures for "Reduction of Sentence" after defendant has been sentenced). Thus, Countryman has failed to show that the government breached the plea agreement.

Countryman also argues that his fine of $25,000 was outside the statutory range for violations of the Travel Act. Countryman is correct that the Travel Act, at the time of his crime in 1991, set a maximum fine of $10,000. 18 U.S.C. § 1952 (1988). Countryman's argument, however, disregards 18 U.S.C. § 3571 which applies to all federal criminal statutes and states that the allowable fine shall be "not more than the greatest of, . . . the amount specified in the law setting forth the offense," or "for a felony, not more than $250,000." 18 U.S.C. § 3571(b)(1), (3). Section 3571(e) explains that in order for a law, such as the Travel Act, to be exempted from the dictates of 18 U.S.C. § 3571,

it must explicitly exempt "the offense from the applicability of the fine otherwise applicable under this section." Since the Travel Act contains no such explicit exemption, the $25,000 fine was well under the $250,000 limit set by 18 U.S.C. § 3571.

For the foregoing reasons, the sentence of the district court is AFFIRMED.